WICHITA MOTORS COMPANY, INC., v.

HOMEFOLKS COMPANY, INC.

---

(May 10, 1926, Opinion and Decree)
(May 24, 1926, Rehearing Refused)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest — Corporations — Par. 130, 140.**

Officers of a corporation charged with the duty and given the authority to sign checks of the corporation, disbursing its funds, are presumed to know the the consideration for which the money is paid.

2. **Louisiana Digest — Corporations — Par. 167, 178.**

A payment of the sixth note in a series of notes issued by a corporation as part of the purchase price of a motor bus by a check signed by its president and secretary will be considered a ratification of the purchase of the bus by the vice-president without proper authority, when the object and purpose of the corporation was the operation of motor busses for hire.

Appeal from the Civil District Court, Division "F", Hon. Percy Saint, Judge.

Action by Wichita Motors Company, Inc., against Homefolks Company, Inc. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

N. W. Bond and E. C. Brodtman, of New Orleans, attorneys for plaintiff, appellee.

Michel Provosty, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff sues upon six promissory notes each for the sum of $320.00 or a total of $1920.00, all secured by mortgage upon and representing the balance of the purchase price of one "New Wichita Bus Truck No. R 3347, Motor No. 52878" which is alleged to have been sold to defendant.

Judgment is prayed for in personam with recognition of the mortgage.

There was judgment as prayed for and defendant has appealed.

The defendant answers that the alleged act of sale and mortgage is illegal and invalid because unauthorized by any proper resolution of its board of directors.

The defendant corporation was organized, if organized at all, in any legal sense, concerning which there seems to be much doubt, for the purpose of conducting a bus line for the carriage of passengers for hire. Its original conception was grandiose for a resolution of its board of directors is in evidence purporting to authorize the purchase of 100 motor busses at $6000.00 each and later, and more modestly, 50 busses are mentioned, and, finally one bus is purchased, from the plaintiff, a foreign corporation, represented in this city, by one George W. Stem, as its agent. Stem in addition to representing the plaintiff was also a member of the board of directors of the defendant, and made one of the four, constituting a bare quorum, at the meeting which authorized the purchase of the plaintiff's bus. The resolution authorizing the purchase also provided for the issuance of $1750.00 in stock to Mr. Stem.

The contention is that Stem was interested in the sale of the bus, the purchase of which the resolution attempted to authorize both as a representative of the plaintiff corporation because of a commission he was to receive on the sale and also because of the gratuitous issuance to him of $1750.00 of stock. It is argued that a director who is personally interested in the matter before the board cannot be counted for the purpose of making up a quorum and we are referred to Fletcher on Corporations, vol. 3, p. 3175; Corpus Juris, vol. 14 a. 1854 Verbo Corporations; Cook on Corporations (7th Edition) vol. 3, p. 2464, and other authorities. The legal principle relied on by defendants cannot be gainsaid. Nor is there any doubt that Stem was interested in the transaction though we find no proof that he received a commission from plaintiff. But the fact that Stem was interested and therefore no quorum and therefore no resolution and no authority can not prevent the plaintiff in this case from recovering.

There is nothing to show that the plaintiff was improperly influenced in making the sale, nor is there any proof that it had any knowledge of Stem's connection with the defendant company as director or beneficiary of a gratuity in stock. So far as the record discloses plaintiff simply sold a bus for which it received $750.00 in cash and 12 notes maturing one each month for $320.00 each. Six of these notes were paid and the remaining six are sued on here. Without any express authorization given to its executive officer to buy this bus, its acceptance and possession for six months as well as the payment of the six notes constitutes a ratification of the unauthorized sale. Five of the six notes were paid by checks signed by Stem and A. M. Savage, the vice-president who was the officer acting for the corporation in the purchase of the truck whose authority so to do was conferred by the resolution in which Stem participated which is alleged to be invalid. Counsel urges, and we think with propriety, that these payments cannot be considered as a ratification. But the sixth note was paid by a check signed by V. K. Irion, the president and countersigned by R. T. Leland, the secretary of defendant corporation.

As to this payment counsel contends that these last named officers did not have "full knowledge of the transaction" and the rule that a principal must have knowledge of the material facts of a transaction consummated by an unauthorized act of an agent before he can be said to ratify the transaction is referred to.

We do not think this rule applicable here because it was the duty of these officers to know, before paying out the funds of the corporation, what occasion there was to do so. Particularly, is this true when paying for the first time one of a series of notes issued by the corporation. It will not do to say that these officers, the president and the secretary did not entirely understand what they were doing. It is not alleged that any fraud or deception was practiced consequently we must presume that these officials in disbursing the funds of the corporation knew what they were doing.

Judgment affirmed.